IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
UNITED STATES OF AMERICA,        )
                                 )
            Plaintiff,           )        8:09CR48
                                 )
     v.                          )
                                 )
ROBERTO CAMACHO-GUTIERREZ,       )        MEMORANDUM OPINION
                                 )
            Defendant.           )
_____)
```

This matter is before the Court on defendant's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody (Filing No. 166), the government's answer to defendant's motion (Filing No. 175), and the brief of the government in support of its answer to defendant's motion (Filing No. 176). In addition, the government has filed an index of evidence which consists of the affidavit of Mark Weber, attorney for the defendant (Filing No. 177).

The Court has previously found that defendant's motion was timely filed and directed the government to file its response. The defendant's only ground is ineffective assistance of counsel. He claims that Mr. Weber forced him to enter the plea of guilty, represented to him that his sentence would only be forty-six months, and he further claims that Mr. Weber failed to advise him that he would not be eligible for the comprehensive drug treatment program available in the Bureau of Prisons and did not advise him that he would lose his status in this country.

Mr. Weber's response refutes each of these statements. In addition, the Court has reviewed the petition to enter a plea of guilty which was signed by defendant (Filing No. 87).  A Rule 11 hearing was held on May 27, 2009, at which time the defendant entered a plea of guilty to Count I of the indictment.  The plea was accepted; the plea agreement that the parties had entered into was accepted; and sentencing was scheduled for August 14, 2009.

In his plea agreement, which he signed on May 11, 2009 (Filing No. 88), he stated that he understood by entering his plea of guilty that he was exposed to imprisonment of not less than five years nor more than forty years.  In that agreement, he further agreed that he should be held responsible beyond a reasonable doubt for more than 500 grams but less than 2 kilograms of cocaine.  At the Rule 11 hearing held on May 27, 2009, the defendant acknowledged that he and his counsel had reviewed the petition to enter a plea of guilty, that through the interpreter, he reviewed each of the questions contained in the petition, that he understood the questions, that the answers contained in the petition were his answers, and that they were true.  He further under oath acknowledged during that hearing that he understood that he was facing a mandatory minimum sentence of sixty months, and a maximum sentence of forty years. His answers to those two questions contained in Question No. 13

-2-

were written in Spanish as well as English.  In Question 34, he answered "yes" to the question which asked:  "Are your plea of guilty and the waivers of your rights made voluntarily and completely of your own choice, free of any force or threats from anyone?"  Question 40 asks: "Are you pleading guilty for any reason other than the fact that you are guilty."  His answer was "no."  Question 44 asked him whether he was guilty; he answered "yes."  There simply is no basis to his claim that he expected a sentence other than sixty months, which was required by the applicable statutes or that he was forced or coerced to enter a plea of guilty.

With respect to his complaints about the conduct of his attorney, he admitted at the time of the Rule 11 hearing on May 27, 2009, that he was completely satisfied with the manner in which his counsel had represented him, that his counsel had been available to review the case with him, to review the evidence that the government would use, that he reviewed with him his right to trial by jury and his right to enter into plea negotiations with the government.

Mr. Weber in his affidavit (Filing No. 177-1) sets forth that he and the defendant discussed in great detail the options available to defendant.  He discussed with him whether defendant should go to trial, and maintain that he was "technically innocent" of the crimes with which he was charged,

-3-

and risk getting a stiffer sentence, versus the plea offer of sixty months, which would avoid the risk of losing at trial.

Mr. Weber further states that the defendant was fully advised of the sixty-month sentence and the deportation issues and specifically that he had advised the defendant that he would be deported after serving the sentence imposed in this case.  He further denies all of the claims of defendant that he ever threatened or coerced the defendant in any manner in connection with his decision to enter a plea of guilty.

In view of defendant's testimony and response to questions of the Court during the Rule 11 hearing, the Court is satisfied that the allegations of the defendant are without merit, that he was fully advised of his rights, not only by Mr. Weber but also by the Court, that at all times he was fully satisfied with the manner in which he was being represented by Mr. Weber, and that in no way had anyone ever coerced or threatened him in any way that caused him to conclude to enter a plea of guilty.  This testimony is all part of the record of the hearing held on May 27, 2009.

For the foregoing reasons, the Court finds the defendant's motion is without merit and it should be denied.  A

-4-

separate order will be entered in accordance with this memorandum opinion.

DATED this 1st day of February, 2011.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

-5-